IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

NICOLE M. SANDERS,              )
                                )
              Plaintiff,        )
                                )
v.                              )     Case No. CIV-15-383-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
              Defendant.        )

## OPINION AND ORDER

Plaintiff Nicole M. Sanders (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on September 16, 1992 and was 21 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning September 13, 2011 due to limitations resulting from arthritis, lupus, and depression.

**Procedural History**

On April 10, 2012, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 27, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Bernard Porter by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. He issued an unfavorable decision on May 29, 2014. The Appeals Council denied review of the ALJ's decision on August 17, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an improper RFC determination; and (2) finding Claimant could perform other jobs at step five.

4

## RFC Determination

In his decision, the ALJ found Claimant suffered from the severe impairments of GERD, rheumatoid arthritis, systemic lupus erythematous, idiopathic thrombocytopenia, Raynaud's disease, and obesity. (Tr. 12). The ALJ determined Claimant retained the RFC to perform sedentary work. (Tr. 13). In so doing, the ALJ determined Claimant could lift, carry, push and pull 10 pounds occasionally and five pounds frequently; sit for six hours in an eight hour workday; stand and walk for two hours apiece in an eight hour workday; could only occasionally operate hand and foot controls; could occasionally reach overhead; could frequently handle, finger, and feel; could occasionally climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could frequently balance, stoop, and crouch; could occasionally kneel; could not crawl; count not work around unprotected heights or moving mechanical parts; could perform simple tasks with simple work-related decisions; required a sit/stand option to allow for a change of position every 30 minutes; and was expected to be off task approximately five percent of the workday. Id.

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of document preparer, clerical mailer, and touch up screener, all of which the ALJ determined existed in sufficient numbers in both the regional

5

and national economies. (Tr. 17). As a result, the ALJ determined Claimant was not under a disability since April 10, 2012, the date the application was filed. Id.

Claimant first contends the ALJ did not adequately develop the record by obtaining source statements from her treating physicians. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The medical records are adequately developed such that the ALJ could ascertain Claimant's condition and any limitations arising therefrom. Claimant argues that the ALJ was required to obtain source statements from the treating and consultative physicians. The regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations requires the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n(c)(6). Therefore, the failure of the ALJ to obtain a statement from any treating physician does not constitute reversible error. Robison v. Colvin, 2013 WL 5450261, 2-3 (E.D. Okla.).

The ALJ thoroughly and accurately recited the medical record and fulfilled his obligation to determine whether any functional limitations arose from Claimant's medical condition and set forth those limitations in the RFC. (Tr. 13-16). "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must

7

include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

Further, this Court concurs with Defendant that many of the medical sources' examination records, including Dr. Traci Carney, contain little in the way of significantly abnormal findings which would give rise to a functional limitation. (Tr. 455-57). In short, the lack of medical source statements in the record does not mandate reversal.

Claimant next essentially challenges the adequacy of the ALJ's overall discussion of the medical evidence. Again, the ALJ proceeded through the medical evidence in a detailed and accurate manner. (Tr. 13-16). The ALJ did not minimize Claimant's various

medical conditions but found her rheumatoid arthritis was treated by medication with "good tolerance" (Tr. 468) and she had a normal range of motion for all four extremities. (Tr. 471).

The remainder of Claimant's argument on the inadequacy of the ALJ's findings rest on her subjective testimony on the nature and extent of her limitations. To the extent Claimant's testimony would urge more restrictive functional findings, the ALJ stated that treatment was generally successful in controlling her symptoms. He did not reject Claimant's subjective statements in toto but rather found they were "out of proportion to the objective medical evidence." (Tr. 15). As late as June of 2012, Claimant reported a pain level of 0 out of 10 and essentially normal medical findings. (Tr. 464-67). This Court finds the ALJ's discussion of his factual basis for the RFC was adequate and supported by the medical record.

The ALJ's evaluation of Claimant's credibility is also supported by the objective medical record.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

9

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ affirmatively link his findings on credibility to the record and is supported by substantial evidence.

**Step Five Evaluation**

Claimant contends the ALJ failed to include all of her limitations in his RFC findings and, in turn, failed to include the restrictions in his hypothetical questions to the vocational expert. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning mirrored Claimant's limitations and the RFC was not required to contain any further functional restrictions.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 8th day of September, 2016.

                                          _____
                                          KIMBERLY E. WEST
                                          UNITED STATES MAGISTRATE JUDGE